# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREGORY MCKINNEY,

Plaintiff,

v.

S. HUBBARD, et al.,

Defendants.

/

CASE NO. 1:09-cv-02096-SKO PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS

(DOC. 1)

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Sixth, Eighth, and Fourteenth Amendments. Plaintiff names Susan Hubbard ("Director of Adult Institutions"), Mike Knowles ("Associate Director"), N. Dill (associate warden, KVSP), G. R. Hudson (correctional captain, KVSP), and C. Waddle (correctional lieutenant, KVSP) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under Section 1983. The Court will dismiss Plaintiff's complaint, with leave to file an amended complaint within 30 days.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Background

Plaintiff claims that his rights under the Sixth, Eighth, and Fourteenth Amendments were violated when he was disciplined for possession of a controlled substance in prison. Plaintiff was charged on September 30, 2008 after he was found with an "Acetaminophen Codeine Phosphat Tablet." Plaintiff complains that the possession was an "administrative violation" pursuant to the California Code of Regulations. However, instead of being charged with an "administrative violation," Defendants Dill and Hudson charged Plaintiff with a "serious rules violation" and imposed a ninety (90) day loss of privileges as punishment. Plaintiff claims that if the charge was

properly characterized as an "administrative violation" rather than a "serious rules violation," the maximum penalty that could have been imposed would be loss of privileges for thirty (30) days.

Plaintiff claims that the change in the charge was "a direct result of Defendant's[sic] Hubbard and Knowles promulgated and implemented policy." (Compl. 3:10-26, ECF No. 1.) Plaintiff vaguely alleges that Hubbard and Knowles implemented a policy that "authorized" prison officials to defy the regulations governing inmate disciplinary procedures.

Plaintiff claims that Defendant Waddle conducted the disciplinary hearing on October 31, 2008, and found Plaintiff guilty of possessing the controlled substance. Waddle also imposed the loss of privileges for ninety (90) days as well as the loss of one hundred thirty (130) days of good time credits. Plaintiff complained that Waddle did not have the authority to impose more than thirty (30) days of loss of privileges under the California Code of Regulations, but Waddle became angry at Plaintiff's complaints and ignored the regulations.

Plaintiff further claims that he was deprived of exercise yard between October 31, 2008 through January 31, 2009. As a result, Plaintiff suffered muscle cramps, headaches, stress, and anxiety. Plaintiff filed an administrative grievance regarding the situation on November 12, 2008. On January 8, 2009, Plaintiff's grievance was partially granted "where duration of loss of canteen and visiting privileges were rectified to comply with CDCR policy." (Compl. 5:2-8, ECF No. 1.) However, Plaintiff alleges that he was still deprived of exercise yard for a total period of ninety (90) days.

Plaintiff also claims that Defendants' actions were "for the sole purpose of causing Plaintiff harm based on race and status as a prisoner." (Compl. 6:2-9, ECF No. 1.) However, Plaintiff's complaints about discriminatory treatment are not supported by any factual allegations.

## III. Discussion

### A. Due Process Claims

Plaintiff claims that his due process rights were violated because he lost ninety (90) days of privileges and the California Code of Regulations only permit Plaintiff to lose thirty (30) days loss of privileges for the type of offense with which Plaintiff was charged.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant to warrant due process protection, the Court looks to: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed, and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff has not alleged that he was deprived of any of the five minimum procedural requirements set forth in Wolff. Instead, Plaintiff claims that California regulations stated that the maximum penalty for the offense with which he was charged was the deprivation of privileges for

thirty (30) days and Defendants violated those regulations by imposing a 90- day penalty that went beyond that which is authorized by California regulations. Even assuming that Plaintiff's theory is sufficient to state a due process claim, the Court finds that Plaintiff fails to state a claim because his interpretation of the California regulations is clearly erroneous.

The Court takes judicial notice of the California regulations cited by Plaintiff. Plaintiff claims that he was charged with possession of a controlled medication in violation of California Code of Regulations Title 15, Section 3016(d). Section 3016(d) states that "[i]nmates shall not possess medication in quantities exceeding the dosage specifically authorized by the institution's/facility's health care staff, nor may an inmate possess medication prescribed to another inmate." Cal. Code Regs. tit. 15, § 3016(d) (2010). Plaintiff does not dispute that he was in violation of Section 3016(d).

Plaintiff claims that his offense should be considered an "administrative violation" according to California Code of Regulations Title 15, Section 3314(a)(2)(D). However, Plaintiff's theory does not comport with a plain reading of Section 3314(a)(2)(D). Section 3314(a) provides that:

> Inmate misconduct reported on a CDC Form 115 shall be classified administrative if:
> (1) The misconduct does not constitute a misdemeanor offense, except as provided in (3) below.
> (2) It <u>does not</u> involve any of the following circumstances:
> . . .
> (D) the introduction, use, or possession of controlled substances or alcohol.
> . . .
> (3) Administrative rule violations include but are not limited to:
> (A) Possession of property, materials, items, or substances in excess of authorized limits, or possession of contraband <u>other than controlled substances or dangerous contraband</u>.
> . . .

Cal. Code Regs. tit. 15, § 3314(a) (emphasis added). Plaintiff's reading of Section 3314(a) is clearly erroneous.

Section 3314(a) explicitly states that an offense can only be classified as an administrative violation if it <u>does not</u> involve the possession of a controlled substance. Plaintiff was charged with possession of a controlled substance; thus his misconduct could not be classified as an administrative violation. Plaintiff cites Section 3314(e)(10) for the proposition that he cannot be subject to the loss

of privileges for more than thirty (30) days for his first offense that is deemed administrative. As discussed above, Plaintiff's offense for possession a controlled substance cannot be deemed administrative. Therefore, Section 3314(e)(10) does not apply to Plaintiff's situation.

In sum, Plaintiff's contention that Defendants were not permitted to punish him with more than thirty (30) days of lost privileges is not supported by a plain reading of the California regulations cited by Plaintiff. Plaintiff fails to state any cognizable due process claims.

**B. Equal Protection Claims**

Plaintiff claims that Defendants acted with "the sole purpose of causing Plaintiff harm based on race and status as a prisoner." (Compl. 5:2-9, ECF No. 1.) Plaintiff's allegations of discriminatory treatment implicate his rights under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff's factual allegations fail to support a plausible claim for relief under the Equal Protection Clause. Plaintiff concludes that Defendants intentionally harmed Plaintiff because of his race or status as a prisoner; however, nothing in Plaintiff's complaint supports his unsubstantiated legal conclusion. Plaintiff has failed to identify any other prisoners who were treated differently because they were members of a different race than Plaintiff. Moreover, Plaintiff's assertion that he was treated differently because of his status as a prisoner is rather puzzling since Defendants, as prison officials, only supervise prisoners. There is no indication that Defendants supervise any non-prisoners; thus, Plaintiff's conclusion that he was treated differently based on his status as prisoner is without merit. In other words, it is unclear how Plaintiff can conclude that Defendants treat prisoners differently from non-prisoners when there is no class of non-prisoners that can be considered similarly situated to prisoners for the purposes of comparing Defendants' treatment of both classes. Plaintiff fails to state any cognizable equal protection claims.

**C. Sixth Amendment Claims**

Plaintiff claims that Defendants violated his rights secured by the Sixth Amendment. The Sixth Amendment provides that:

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend VI. The procedural rights guaranteed by the Sixth Amendment only apply in the context of criminal prosecutions. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff's procedural rights in the disciplinary hearing setting are defined by the Due Process Clause of the Fourteenth Amendment, not by the Sixth Amendment. See discussion supra Part III.A. Thus, Plaintiff fails to state a claim under the Sixth Amendment.

**D. Eighth Amendment Claims**

Plaintiff claims that his Eighth Amendment rights were violated because he was deprived of "exercise yard" for ninety (90) days.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087.

The Court notes two flaws in Plaintiff's Eighth Amendment claims. First, it is unclear whether Plaintiff was completely deprived of all forms of outdoor exercise during the 90-day period when he lost privileges. Plaintiff only alleges that he was deprived of exercise yard privileges. The scope of the deprivation is ambiguous because "yard" privilege is merely one form of outdoor exercise. Plaintiff's complaint is silent as to whether prison officials provided an alternative form

of outdoor exercise for prisoners stripped of their yard privileges. To state a claim under the Eighth Amendment, Plaintiff must clearly allege that he was deprived of all forms of outdoor exercise, not just yard privileges.

Second, Plaintiff has not alleged facts that support the conclusion that Defendants Hubbard, Knowles, Dill, or Hudson acted with deliberate indifference toward Plaintiff's need for outdoor exercise. To plead deliberate indifference, a prisoner must allege that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer v. Brennan, 511 U.S. 825,847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An allegation that prison officials were aware that a prisoner had been denied outdoor exercise for an extended period of time is sufficient to allege that the prison officials acted with deliberate indifference to the prisoner's basic human needs. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 810 (10th Cir. 1999) (where complaint alleged that officials had knowledge plaintiff was being denied outdoor exercise, "factfinder could infer both that prison officials knew of a substantial risk of harm to plaintiff's well being...and that they disregarded that harm"); see also Allen, 48 F.3d at 1088 (summary judgment on deliberate indifference issue inappropriate where prisoner produced evidence that prison officials were aware that prisoner was denied outdoor exercise); Lopez, 203 F.3d at 1133 (genuine issue of fact as to whether defendants were deliberately indifferent where prisoner alleged that defendants ignored complaints about lack of outdoor exercise).

Nothing in Plaintiff's complaint suggests that Defendants Hubbard, Knowles, Dill, or Hudson knew that Plaintiff was not receiving adequate amounts of outdoor exercise. Plaintiff does allege that Defendant Waddle imposed the ninety (90) day disciplinary sanction. If the disciplinary sanction included a complete deprivation of all forms of outdoor exercise, see discussion supra, it is plausible to conclude that Waddle acted with deliberate indifference because he was aware of a serious risk to Plaintiff's health because he knew that Plaintiff would not receive any outdoor exercise for ninety (90) days.

However, Plaintiff only alleges that Dill and Hudson charged Plaintiff with the disciplinary violation. Plaintiff does not allege that Dill or Hudson was involved in the imposition of the disciplinary sanctions. Plaintiff does not allege that he informed Dill or Hudson he was not receiving

outdoor exercise. Nothing in Plaintiff's complaint supports the conclusion that Dill or Hudson were aware that Plaintiff was not receiving outdoor exercise. Thus, there is no support for the conclusion that Dill or Hudson acted with deliberate indifference.

Similarly, Defendants Hubbard and Knowles did not work at the prison where Plaintiff was housed. Hubbard and Knowles are alleged to be high-ranking officials in CDCR working in Sacramento. Nothing in Plaintiff's complaint supports the conclusion that Hubbard or Knowles knew that Plaintiff was not receiving sufficient outdoor exercise. Thus, there is no support for the conclusion that Hubbard or Knowles acted with deliberate indifference.

Plaintiff fails to state any claims under Section 1983 for the violation of his rights under the Eighth Amendment.

## IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

///

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated: September 15, 2010** **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE