# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY, | CASE NO. 1:09-cv-02096-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. HUBBARD, et al., | (ECF No. 10) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.  Screening Requirement**

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 2, 2009.  On September 16, 2010, Plaintiff's complaint was dismissed, with leave to amend for failure to state a claim. (ECF No. 9.)  Currently pending before the Court is the first amended complaint, filed October 8, 2010.  (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Kern Valley State Prison. Aside from the fact that the first two pages of the amended complaint are handwritten, Plaintiff's first amended complaint is identical to his original complaint. The factual allegations have been set forth in the order dismissing Plaintiff's complaint with leave to amend, filed September 16, 2010. (ECF No. 9.) This action is brought against Defendants Susan Hubbard, Mike Knowles, N. Dill, G. R. Hudson, and C. Waddle alleging violations of the Sixth, Eighth, and Fourteenth Amendments. Plaintiff is seeking declaratory relief and monetary damages.

**A.     Sixth Amendment**

The Sixth Amendment provides for the rights of an individual in a criminal prosecution. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff's procedural rights in the disciplinary hearing setting are defined by the Due

Process Clause of the Fourteenth Amendment, not by the Sixth Amendment. To the extent Plaintiff is attempting to allege violations during his rule violation hearing, they do not state a cognizable claim under the Sixth Amendment.

### B.    Eighth Amendment

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted); see also Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.". Id.(quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. " Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff alleges that the policy of depriving an inmate of access to the exercise yard as a disciplinary sanction is cruel and unusual punishment. However, prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. 1993) (Where the loss of yard privilege was a result of plaintiff's disciplinary violation, the deprivation of exercise for most of his five year sentence did not rise to a constitutional violation because he could still exercise in his cell). Denying Plaintiff access to the exercise yard after he was found to have committed a rule violation does not, by itself,  constitute cruel and unusual punishment.

Plaintiff also alleges that his rights were violated because he was deprived of the exercise yard for ninety days causing him to suffer muscle cramps, headaches, stress, and anxiety after being convicted of possession of a controlled substance during a rule violation hearing. Exercise is a basic need protected by the Eighth Amendment. Thomas, 611 F.3d at 1151. To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would violate the Eighth

Amendment rights of the plaintiff. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996).

However, the Court notes that Plaintiff's complaint does not allege that he was denied outdoor exercise, but that he was denied access to the exercise yard. The order dismissing the complaint addressed the issue that it was unclear from Plaintiff's allegations if he was being denied outdoor exercise and he was informed that he "must clearly allege that he was deprived of all forms of outdoor exercise, not just yard privileges." (Order Dismissing Compl. 8:24-9:3, ECF No. 9.) Since Plaintiff has merely submitted a duplicate pleading, he has failed to correct the deficiencies identified in the prior order. Plaintiff's allegation of access to the exercise yard is insufficient to state a cognizable claim for deprivation of exercise in violation of the Eighth Amendment.

### C. **Due Process**

Plaintiff claims that his due process rights were violated because he lost ninety days of privileges and the California Code of Regulations only permits Plaintiff to lose thirty days for the type of offense he was charged with committing. As found in the prior order "Plaintiff's contention that Defendants were not permitted to punish him with more than thirty days of lost privileges is not supported by a plain reading of the California regulations cited by Plaintiff." (Order Dismissing Comp. 6:4-6, ECF No. 9.)

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. Plaintiff has not alleged that he was deprived of any of the five minimal procedural requirements set forth in <u>Wolff</u>, as described in the prior order. (Order Dismissing Comp. 4:14-25, ECF No. 9.) Plaintiff has not corrected the discrepancies found in the prior order and has failed to state a cognizable claim for a violation of his due process rights.

### D. **Equal Protection**

Plaintiff's conclusory allegations that Defendants acted "for wanton and malicious purposes based on race and [his] status as prisoner" are insufficient to state a cognizable claim. As addressed in the prior order, Plaintiff may not state a claim based upon a prisoner being treated differently than a non-prisoner, and his complaint is devoid of any factual allegations to show that he was discriminated against because of his race, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (2001);

4

Barren v. Harrington, 152 F.3d 1193, 1194 (1998). Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against, Lee, 250 F.3d at 686, or treated differently than other similarly situated inmates, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

### III.     Conclusion and Order

Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff submitted an amended complaint without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

**Dated:   October 14, 2011**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

5