# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCKINNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HUBBARD, et al.<br><br>　　　　　Defendants. | Case No.  1:09-cv-02096-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING CASE AND FOR RECONSIDERATION FOR COURT TO CORRECT THE RECORD UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)<br><br>(ECF No. 16) |

**I.　　Background**

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on December 2, 2009. (ECF No. 1.)  Plaintiff filed a consent to magistrate judge jurisdiction on December 21, 2009.  (ECF No. 5.)

On October 18, 2011, the Court dismissed this action with prejudice for failure to state a claim upon which relief may be granted under section 1983, and noted that the dismissal was subject to the "three-strikes" provision in 28 U.S.C. § 1915(g). (ECF No. 13.) A judgment closing the case was entered on the same day. (ECF No. 14.) On October 26, 2011, the mail containing the order and judgment that had been sent to Plaintiff was returned as undeliverable.

On May 9, 2014, Plaintiff filed a notice of change of address with the Court. (ECF No.

15.) On June 20, 2016, Plaintiff filed the instant motion, requesting relief from the October 18, 2011 order dismissing his case. Plaintiff requests relief under Federal Rules of Civil Procedure 60(b)(1), (3), and (6), and argues that he is entitled to reconsideration at this time because he did not discover until February 2, 2016 that his case had been dismissed. Plaintiff states that on January 1, 2016, he submitted a letter to the Clerk's office inquiring about the status of his case, and that he received a letter from the Clerk's office on February 2, 2016,[1] indicating that it had been closed on October 18, 2011. Plaintiff argues that extraordinary circumstances exist for granting the motion for reconsideration, and that he has newly discovered evidence that prison officials at Kern Valley State Prison violated procedures for processing incoming confidential mail. (ECF No. 16.)

## II. Motion for Reconsideration Rule 60(b)

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions made under Rule 60(b) must be made within a reasonable time, "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

### B. Discussion

Plaintiff's motion for reconsideration is untimely, and must be denied. Insofar as Plaintiff

---

[1] The Clerk's Office received and responded to Plaintiff's letter on February 8, 2016. (ECF No. 16, Ex. B.)

1 seeks relief under Rules 60(b)(1) and (3), he failed to file the present motion within a year after
2 the judgment was entered. Fed. R. Civ. P. 60(c)(1); *see Ackermann v. United States*, 340 U.S.
3 193, 197 (1950) (denying reconsideration under Rule 60(b)(1) because the judgment was more
4 than four years old); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (denying
5 reconsideration under Rule 60(b)(3) because the judgment was almost two years old).

6 Plaintiff filed the instant motion more than five years after the dismissal and entry of
7 judgment in this case. Indeed, after the filing of his first amended complaint in October 2010,
8 Plaintiff did not contact the Court again until May of 2014, when he updated his mailing address.
9 Then, Plaintiff did not contact the Court again until February of 2016, almost two years after he
10 updated his address, and nearly six years after filing his amended complaint. Plaintiff offers no
11 credible explanation for his lack of inquiry about the status of his case for six years, including the
12 more than five-year period after dismissal and entry of judgment. Although Plaintiff alleges that
13 prison officials interfered with the processing of his mail, he fails to provide any explanation of
14 how they prevented him from contacting the Court. He also fails to explain how he was otherwise
15 unable to contact the Court during the five years following dismissal of this action. Plaintiff
16 appears to have been fully able to contact the Court and inquire about his case at any time during
17 the past five years, but failed to do so.

18 Plaintiff's motion is also untimely under Rule 60(b)(6). *See McKinney v. Boyle*, 447 F.2d
19 1091, 1092 (9th Cir. 1971) (denying reconsideration under Rule 60(b)(6) when more than four
20 and half years had passed from entry of the judgment.) Taking into consideration the interest in
21 finality, the lack of reasons for Plaintiff's extended delay, and the practical ability of Plaintiff to
22 contact the Court earlier, the Court finds Plaintiff's delay in moving for reconsideration under
23 Rule 60(b)(6) unreasonable. *Lemoge*, 587 F.3d at 1196-97; *Rodgers v. Watt*, 722 F.2d 456, 459
24 ("there is a compelling interest in the finality of judgments which should not be lightly
25 disregarded").

26 As noted, the Court entered judgment in this case more than five years ago. Although part
27 of the reason for Plaintiff's delay in moving for reconsideration may be attributable to Plaintiff
28 not receiving the dismissal order in the mail, the Court finds that the primary reason for the delay

3

was Plaintiff's failure to inquire sooner regarding the status of his case. Plaintiff had the ability contact the Clerk's office to learn the status of his case at any time after filing his amended complaint, and he provides no credible explanation why he did not do so, including during the five-year period after dismissal of this action.

Accordingly, Plaintiff's motion for reconsideration under Federal Rules of Civil Procedure 60(b)(1), (3), and (6) must be denied. Since the motion is untimely, the Court need not reach its merits.

### C. Conclusion and Order

For the reasons stated, Plaintiff's motion for relief from the Court's October 18, 2011 order dismissing his case, and for reconsideration under Federal Rules of Civil Procedure 60(b) (ECF No. 16), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 20, 2016**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE