# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCKINNEY,<br><br>                  Plaintiff,<br><br>        v.<br><br>S. HUBBARD, et al.,<br><br>                  Defendants. | Case No.  1:09-cv-02096-BAM (PC)<br><br>NOTICE AND ORDER REVOKING IN FORMA PAUPERIS STATUS<br><br>(ECF No. 21) |

      By notice entered January 23, 2017, the United States Court of Appeals for the Ninth Circuit referred this matter to the District Court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where the district court finds the appeal to be frivolous).

      Permitting litigants to proceed in forma pauperis is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968), cert. denied, 393 U.S. 891 (1968); *Williams v. Marshall*, 795 F.Supp. 978, 978-79 (N.D. Cal. 1992). A federal court may dismiss a claim filed in forma pauperis before service if it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2); *see Sully v. Lungren*, 842 F.Supp. 1230, 1231 (N.D. Cal. 1994). If a plaintiff with in forma pauperis status brings a case without arguable substance in law and fact, the court may declare the case frivolous. *Franklin*, 745 F.2d at 1227.

1    On October 18, 2011, the Magistrate Judge dismissed Plaintiff's complaint with prejudice for failure to state a claim and entered judgment. (ECF Nos. 13, 14.) On June 20, 2016, Plaintiff filed a motion for relief from the Court's October 18, 2011 order. (ECF No. 16.) On December 20, 2016, the Court issued an order denying Plaintiff's motion as untimely. (ECF No. 17.) Plaintiff now appeals the Court's order denying his motion. (ECF No. 18.)

Plaintiff failed to file a motion for relief within the time periods prescribed in Federal Rule of Civil Procedure 60(b). Motions made under Rule 60(b)(1)-(3) must be filed no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). All other motions under Rule 60(b) must be made within a "reasonable time." *Id*. Plaintiff did not file his motion for relief from the Court's October 18, 2011 order until almost five years after the entry of the judgment, well beyond the time limits permitted under Rule 60(c)(1). Plaintiff did not even inquire about the status of his case until more than four years had passed following the entry of the judgment in his case. Plaintiff's appeal of the Court's order, which resulted from Plaintiff's own inaction, is therefore frivolous.

Accordingly, the Court HEREBY ORDERS that:

1. This matter is declared frivolous;
2. In accordance with 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed in forma pauperis in Appeal No. 17-15098, filed January 12, 2017;
3. As required by Federal Rules of Appellate Procedure 24(a)(4), this Order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed in forma pauperis for this appeal; and
4. The Clerk of the Court is directed to serve a copy of this Order on Plaintiff and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **January 26, 2017**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE